15-2793-cv
Nwozuzu v. United States of America

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 10th day of October, two thousand seventeen.

PRESENT: REENA RAGGI,
PETER W. HALL,
SUSAN L. CARNEY,
                    *Circuit Judges*.

------------------------------------------------------------------------
KELECHI GERALD NWOZUZU,
                    *Plaintiff-Appellant*,

        v.                                          No. 15-2793-cv

UNITED STATES OF AMERICA,
                    *Defendant-Appellee*.
------------------------------------------------------------------------

FOR APPELLANT:              Kelechi Gerald Nwozuzu, *pro se*, Jamaica, New York.

FOR APPELLEE:               Natasha W. Teleanu, Christopher Connolly, Assistant United States Attorneys, *for* Joon H. Kim, Acting United States Attorney for the Southern District of New York, New York, New York.

Appeal from a judgment of the United States District Court for the Southern District of New York (Lorna G. Schofield, *Judge*).

1

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment entered on August 14, 2015, is AFFIRMED.

Plaintiff Kelechi Gerald Nwozuzu, proceeding *pro se*, sues the United States under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 2671–2680, alleging false imprisonment for two periods of immigration detention between 2005 and 2012.[1] Nwozuzu here appeals the dismissal of his complaint for lack of subject matter jurisdiction. *See* Fed. R. Civ. P. 12(b)(1). On appeal from such a dismissal, we review a district court's legal conclusions *de novo*, *see Haber v. United States*, 823 F.3d 746, 751 (2d Cir. 2016), and its factual findings for clear error, *see Cortlandt St. Recovery Corp. v. Hellas Telecomms., S.à.r.l*, 790 F.3d 411, 417 (2d Cir. 2015). In so doing, we take as true the complaint's material allegations and draw all reasonable inferences in the plaintiff's favor. *See Mantena v. Johnson*, 809 F.3d 721, 727 (2d Cir. 2015). In applying these standards here, we assume the parties' familiarity with the underlying facts and procedural history of the case, which we reference only as necessary to explain our decision to affirm.

"The FTCA waives the government's sovereign immunity in actions for money damages arising out of injury, loss of property, personal injury or death caused by the 'negligent or wrongful' act or omission of a government employee 'while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred.'" *Fountain v. Karim*, 838 F.3d 129, 135 (2d Cir.

---

[1] Nwozuzu was detained pursuant to 8 U.S.C. § 1226(c), which mandates the detention of certain "aliens" with criminal convictions.

2

2016) (quoting 28 U.S.C. § 1346(b)(1)). The FTCA's waiver of sovereign immunity is inapplicable, however, to "[a]ny claim based upon an act or omission of an employee of the Government, exercising due care, in the execution of a statute or regulation, whether or not such statute or regulation be valid . . . ." 28 U.S.C. § 2680(a). Exercising due care "implies at least some minimal concern for the rights of others." *Myers & Myers, Inc. v. U.S. Postal Serv.*, 527 F.2d 1252, 1262 (2d Cir. 1975) (citing *Hatahley v. United States*, 351 U.S. 173, 181 (1956)).

The district court concluded that the FTCA's waiver of sovereign immunity did not apply to Nwozuzu's false imprisonment claims because government officials acted with "due care" in interpreting the derivative citizenship statute as requiring lawful permanent resident ("LPR") status, which Nwozuzu lacked.[2] *See* 28 U.S.C. § 2680(a).

In urging error, Nwozuzu contends that the government did not act with due care because it should have known that he had acquired United States citizenship from his parents without regard to LPR status. The argument fails because it was only in 2013 that this court determined, contrary to the Board of Immigration Appeals, that an alien, specifically, Nwozuzu, could obtain citizenship pursuant to the previous derivative citizenship statute, 8 U.S.C. § 1432(a) (Immigration and Nationality Act ("INA") § 321(a)), despite lacking LPR status. *See Nwozuzu v. Holder*, 726 F.3d 323, 334 (2d Cir.

---

[2] Former INA § 321(a), the derivative citizenship statute in effect when Nwozuzu's parents naturalized, provided that "[a] child born outside the United States of alien parents . . . becomes a citizen of the United States upon fulfillment of," *inter alia*, "the following conditions: (1) The naturalization of both parents; . . . and (5) Such child is residing in the United States pursuant to a lawful admission for permanent residence at the time of the naturalization . . . or thereafter begins to reside permanently in the United States while under the age of eighteen years." 8 U.S.C. § 1432(a) (1994) (repealed 2000).

3

2013).  Before that decision, this court had expressed strong reservations about such a predicate requirement, but had left the question unresolved.  *See Ashton v. Gonzales*, 431 F.3d 95, 98–99 (2d Cir. 2005) (disagreeing with government's argument that statute required LPR status, but stating that "proper interpretation of INA § 321(a) is a question we need not reach"); *id.* at 99 ("We have no doubt from the structure and context of § 321(a) as a whole that a child who acquires lawful permanent residency would certainly satisfy § 321(a)'s requirements, and we do not rule out that some lesser official objective manifestation might also be sufficient."); *see also Nwozuzu v. Holder*, 726 F.3d at 333 (recognizing that *Ashton* "strongly suggested" statute did not require LPR status).  Meanwhile, at the time of Nwozuzu's second detention, other circuits had determined that the statute did, in fact, require LPR status.  *See, e.g.*, *United States v. Forey-Quintero*, 626 F.3d 1323, 1326–27 (11th Cir. 2010); *Romero-Ruiz v. Mukasey*, 538 F.3d 1057, 1062 (9th Cir. 2008).  In light of such legal uncertainty when Nwozuzu was detained as to whether derivative citizenship could be acquired even absent LPR status, the district court properly concluded that the government acted with due care in interpreting that statute as inapplicable to Nwozuzu due to his lack of LPR status and in interpreting 8 U.S.C. § 1226(c) to mandate detention.

We have considered Nwozuzu's remaining arguments and conclude that they are without merit.  Accordingly, we AFFIRM the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

4