18-471-cv
*Joseph v. United States*

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# SUMMARY ORDER

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's Local Rule 32.1.1. When citing a summary order in a document filed with this Court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 18th day of October, two thousand eighteen.

PRESENT:     José A. Cabranes,
             Robert D. Sack,
                      *Circuit Judges*,
             John G. Koeltl,
                      *District Judge*.[*]

---

Elias Joseph, Jr.,

     *Plaintiff-Appellant*,                                   18-471-cv

     v.

United States of America, Richard J. Ross,
Brian Wilda, Sean P. McVey, Dorothy
Herrera-Niles, FNU Graciano, Donald
Carmody, Fernando Beltran, Director
Andrea Quarantillo, John/Jane Does 1–10,

     *Defendants-Appellees*.

---

[*] Judge John G. Koeltl, of the United States District Court for the Southern District of New York, sitting by designation.

**FOR PLAINTIFF-APPELLANT:**  NEAL WIESNER, The Wiesner Law Firm, P.C., New York, NY.

**FOR DEFENDANTS-APPELLEES:**  KIRTI VAIDYA REDDY, Assistant United States Attorney (Christopher Connolly, Assistant United States Attorney, *on the brief*), *for* Geoffrey S. Berman, United States Attorney for the Southern District of New York, New York, NY.

Appeal from the December 22, 2017 judgment of the United States District Court for the Southern District of New York (Loretta A. Preska, *Judge*).

**UPON DUE CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the District Court be and hereby is **AFFIRMED**.

Plaintiff-Appellant Elias Joseph, Jr. ("Joseph") appeals from the judgment of the District Court dismissing his complaint against Defendants-Appellees. Joseph filed a lawsuit against the United States and several of its agents alleging claims under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), and under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 2671–2680. He argues (1) that although his claims are foreclosed by two Second Circuit decisions, *Watson v. United States*, 865 F.3d 123 (2d. Cir. 2017) and *Nwozuzu v. United States*, 712 F. App'x 31 (2d. Cir. 2017) (non-precedential summary order), these decisions were erroneously decided; and (2) that he did not abandon any claims not implicated by *Watson* or *Nwozuzu*. We assume the parties' familiarity with the underlying facts, procedural history of the case, and issues on appeal.

We review de novo the dismissal of a complaint pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6), accepting as true all factual allegations in the complaint and drawing all reasonable inferences in Joseph's favor. *See Liranzo v. United States*, 690 F.3d 78, 84 (2d Cir. 2012) (Rule 12(b)(1)); *Biro v. Condé Nast*, 807 F.3d 541, 544 (2d Cir. 2015) (Rule 12(b)(6)).

Joseph concedes that he failed timely to exhaust his administrative remedies as to his false imprisonment claims under *Watson v. United States*, 865 F.3d 123 (2d Cir. 2017). He further concedes that consistent with our Court's recent practice he is barred from seeking relief pursuant to the FTCA based on our decision in *Nwozuzu v. United States*, 712 F. App'x 31 (2d Cir. 2017) (non-precedential summary order). He nonetheless argues that both *Watson* and *Nwozuzu* were wrongly decided.

We conclude that the District Court did not err in granting defendants' motion to dismiss based on plaintiff's concession that certain of his claims were time-barred under *Watson*. In *Watson*, we held that the limitations period to assert a false imprisonment claim under the FTCA commences

2

once a detainee is held pursuant to legal process. *Watson*, 865 F.3d at 131. It is well established that we are "bound by the decisions of prior panels until such time as they are overruled either by an en banc panel of our Court or by the Supreme Court." *Lotes Co. v. Hon Hai Precision Indus. Co.*, 753 F.3d 395, 405 (2d Cir. 2014) (quoting *In re Zarnel*, 619 F.3d 156, 168 (2d Cir. 2010)). In view of the fact that *Watson* is controlling Circuit precedent that both parties agree applies to this case, we find no error in the District Court's dismissal of plaintiff's claims implicated by *Watson*.

We also discern no error in the District Court's dismissal based on plaintiff's concession that his claims were barred by this Court's reasoning in *Nwozuzu*. In *Nwozuzu*, we held that the FTCA's waiver of sovereign immunity did not apply to the plaintiff's false imprisonment claims because government officials had acted with "due care" in concluding that the plaintiff had not derived citizenship from his parents. *See Nwozuzu*, 712 F. App'x at 32–33; *see also* 28 U.S.C. § 2680(a) (due care exception). As Joseph conceded before the District Court and on appeal, this case is factually indistinguishable from *Nwozuzu*. Although *Nwozuzu* is a summary order that lacks precedential effect, "denying summary orders precedential effect does not mean that the court considers itself free to rule differently in similar cases." *Cohen v. Rosicki, Rosicki & Assocs., P.C.*, 897 F.3d 75, 81 n.5 (2d Cir. 2018) (internal citation omitted). Accordingly, we decline plaintiff's invitation to revisit the holding of *Nwozuzu* and conclude that its reasoning applies in full force to this case.

Joseph further argues that the District Court acted improperly in deeming any remaining claims not implicated by *Watson* or *Nwozuzu* to be abandoned. We have never decided the standard of review that applies to a District Court's determination that a party has abandoned his claims. We need not address that issue here because we conclude that Joseph's objection lacks merit under any standard of review. In the proceedings below, Joseph requested that the District Court grant defendants' motion to dismiss in full based on *Watson* and *Nwozuzu* such that plaintiff could immediately appeal. In response, defendants noted that plaintiff had not addressed his claims that were not implicated by *Watson* or *Nwozuzu* and requested that the District Court deem any such claims to be abandoned. Joseph then again requested that the District Court dismiss the complaint in full so that he could immediately appeal.

Joseph's own request that the District Court dismiss the case in full so that he could immediately challenge the teaching of *Watson* and *Nwozuzu* could only be granted if Joseph abandoned or voluntarily dismissed with prejudice his remaining claims not implicated by *Watson* or *Nwozuzu*. It is well-established that "[i]mmediate appeal is available to a party willing to suffer voluntarily the district court's dismissal of the whole action *with prejudice*." *Rabbi Jacob Joseph Sch. v. Province of Mendoza*, 425 F.3d 207, 210 (2d Cir. 2005). "A party who loses on a dispositive issue that affects only a portion of his claims may elect to abandon the unaffected claims, invite a final judgment, and thereby secure review of the adverse ruling." *Id..* (internal citation omitted). The only way the District Court could grant plaintiff's twice-repeated request to grant dismissal of the case to allow immediate appeal was to deem plaintiff's remaining claims abandoned. We conclude that the

3

District Court did not act improperly in granting the motion to dismiss and deeming plaintiff's remaining claims abandoned. *See also Jackson v. Fed. Exp.*, 766 F.3d 189, 197–98 (2d Cir. 2014) ("Where a partial response to a motion is made—*i.e.*, referencing some claims or defenses but not others . . . in the case of a counseled party, a court may, when appropriate, infer from a party's partial opposition that relevant claims or defenses that are not defended have been abandoned.").

## CONCLUSION

We have reviewed all of the arguments raised by Joseph on appeal and find them to be without merit. For the foregoing reasons, we **AFFIRM** the December 22, 2017 judgment of the District Court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

4